(66 Misc. Rep. 601.)

### KRAUSE v. SANDER.

(Supreme Court, Equity Term, Kings County. March 9, 1910.)

1. ASSOCIATIONS (§ 11*)—MEMBERSHIP—EXPULSION—WRONGFUL EXPULSION—REMEDIES.

While a member of a voluntary association may be expelled in accordance with the provisions of its constitution, which becomes a part of the contract of membership, if expelled in violation of his contract of membership he may sue in equity to protect his rights and compel his reinstatement.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 13, 14; Dec. Dig. § 11.*]

2. TRADE UNIONS (§ 4*)—MEMBERSHIP—EXPULSION—GROUNDS.

The constitution of a brewer's union, an unincorporated association, authorized the expulsion of a member for strike breaking, embezzling money from a union, etc., and such other acts which tend to injure the members or the international union, and permitted any person to become a member who proved himself a brewer of honorable character, who had taken out his first or second citizenship papers. Held, that it was ground for expulsion that a member procured his admission to the union by a forged certificate and false representations; such acts tending to injure the membership or the union.

[Ed. Note.—For other cases, see Trade Unions, Dec. Dig. § 4.*]

3. TRADE UNIONS (§ 4*)—MEMBERSHIP—EXPULSION—PROCEEDINGS.

The constitution of a brewers' union, a voluntary unincorporated association, required that every member against whom charges were filed should receive an impartial trial, and provided that a member could only be expelled at a special meeting by a two-thirds majority. A complaint was made against plaintiff at a meeting at which he was present, and a committee of inquiry was appointed which he accepted, and the written complaint, with notice of the time and place of the meeting of such committee, was served upon plaintiff. Evidence of the charge was taken at the meeting of such committee which plaintiff attended, and he was given full opportunity for hearing, and 128 of the 250 or more members present voted for his expulsion; the others not voting. Held, that plaintiff had the impartial hearing to which he was entitled, together with an opportunity to defend, and his expulsion was not wrongful on the ground that he was not expelled by a two-thirds vote; two-thirds of those voting being sufficient.

[Ed. Note.—For other cases, see Trade Unions, Dec. Dig. § 4.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. TRADE UNIONS (§ 5*)—PROCEEDINGS—VOTE—TWO-THIRDS VOTE.
    While two-thirds of all the members of a board or committee of definite size are required to vote in order to determine a question, under the constitution of a brewers' union, an unincorporated association requiring the act to be by a two-thirds vote if the committee or board consists of a definite number acting by delegated powers, where a question is to be decided by an indefinite number exercising original powers as by the members of the association, two-thirds of those participating in the election is sufficient.
    [Ed. Note.—For other cases, see Trade Unions, Dec. Dig. § 5.*]

Action by John Krause against John U. Sander, as Treasurer of Brewers' Union No. 69 of the International Union of the United Brewery Workmen of America. Judgment for defendant.

August P. Wahener, for plaintiff.

S. John Block, for defendant.

BLACKMAR, J. The plaintiff by this action appeals to this court to reinstate him in membership in the Brewers' Union No. 69 of the International Union of the United Brewery Workmen of America, from which organization he claims he was unlawfully expelled.

The defendant is a voluntary unincorporated organization. Its constitution constitutes a contract between the members which defines their rights and obligations. On the principle of novation new members are admitted to privity of contract, and provision is also made for the voluntary withdrawal and expulsion of members. The provisions for expulsion are part of the contract of membership and binding on all members. If a member is expelled in conformity with these provisions, the contract is not broken, and no right of the member so expelled has been violated; but, if the expulsion is not in accordance with the contract, the rights of the expelled member are violated, in this respect the contract is broken, and he may maintain an action in equity to specifically enforce it by reinstating him and protecting him in his right of membership by appropriate decree. The plaintiff claims that his expulsion was not in accordance with the contract of membership.

The contract prescribes the causes for which a member may be expelled and in part the method of procedure. Every member agrees when he joins the organization that he may be expelled for a cause and in the manner provided by the contract of membership. The inquiry, therefore, will be whether plaintiff was expelled for a cause and in the manner prescribed in the contract.

The cause for plaintiff's expulsion was that he secured admission into the organization with a forged certificate and under false representations. The causes for expulsion stated in the constitution are as follows: Strike breaking, embezzling of moneys from a union, repeated denunciation of co-workers to superiors or employers, perversion of facts involving co-workers, blackmailing or denunciation of officers, and "such other acts which tend to the injury of the members or the International Union."

The significance of the complaint against plaintiff is seen in the

fact that by other provisions of the constitution membership was offered to every candidate proving himself a brewer of honorable character, and in possession of his first or second citizen papers. These provisions are praiseworthy and important as safeguarding the membership and confining it to those who have an interest in its purposes, who having applied for citizenship are interested in maintaining the laws and institutions of the country and whose character is honorable. The committee looks to the candidate himself to furnish proof on this point, and it is a gross violation of good faith to the organization and its members for an applicant to gain admission by forged certificates and false representations as to his history, condition or character. I hold, therefore, that the cause of expulsion assigned was sufficient, in that it was an act which tended to the injury of the members or the International Union. This seems to me too plain for argument.

The question remains whether the proceedings were regular. When a member of an unincorporated association agrees by valid contract that the association may expel him for specified causes, he by necessary implication consents that the association may determine whether such causes exist. This is also involved in that clause of the union's constitution which provides: "Every defendant must receive an impartial and just trial." This means that he shall have fair notice of the charge alleged against him, a reasonable opportunity to be heard, and that the triers shall act impartially after hearing, whatever may be alleged in his defense. In other words, he consents that the proceeding shall be judicial in its nature; and the determination, if regular, and the cause assigned such as is prescribed in the membership contract, shall be final and conclusive. In this case the proceedings are in a measure at least prescribed in the contract. Section 2 of article 5 of the defendant's constitution provides as follows: "Expulsion can only take place in a special meeting, with a two-third majority."

The complaint was made at a meeting at which plaintiff was present. A committee of inquiry was appointed with the personnel of which plaintiff expressed himself satisfied. The written complaint with a notice of the time and place of the meeting of this investigating committee was served upon him. He attended the meeting of the committee. Evidence of the truth of the charge was taken, and the committee made a report that the charge was sustained. A special meeting of the order was called at which plaintiff attended; the report of the committee was presented; the plaintiff was given full opportunity of being heard; and thereafter the question on his expulsion was put, tellers were appointed, and a vote taken. Up to this point there can be no question of the regularity of the proceedings. The plaintiff, however, claims that he was not expelled "by a two-third majority." There were upwards of 250 members present, and when the vote was counted it was found that 128 had voted for expulsion and none against it. Was there a two-thirds majority within the meaning of the contract. It was worthy of note that this claim is not made in the complaint. The point was raised by the court, who asked the secretary then on the stand how many were present at the

meeting. He answered that the roll was not called, but that in his judgment more than 250 members were present. The plaintiff then asked to amend his complaint, and, with the acquiescence of the defendant, as I recall it, for I have not the minutes before me, the motion was granted, and the answer also amended by denying this allegation. I shall therefore treat the point as being in the case.

The rule of law, as I understand it, is that, when the determination of a question is committed to a board or committee of definite numbers who act by delegated powers under a provision that their act shall be by a majority or two-thirds, this means a majority or two-thirds of all the members of the board or committee. Loubat v. Le Roy, 40 Hun, 546. But where the decision of a question is committed to a body of undefined numbers who act by original and not delegated powers, a majority or two-thirds means a majority or two-thirds of those who participate in the election. May v. Bermel, 20 App. Div. 53, 46 N. Y. Supp. 622. In the case at bar, the determination was to be by the organization itself acting at a special meeting. The rule above stated would therefore permit of the determination of the question by two-thirds of those voting. The provision of the contract for a two-thirds majority was made to prevent expulsion by a majority vote only, and is, I think, satisfied if the expulsion was by two-thirds of those voting. The plaintiff was present, made no claim that the vote was not sufficient, and took an appeal to the executive board of the International Union, with which Union 69 was affiliated, by which body the act of the local union was affirmed.

I decide, therefore, that the cause for expulsion was among the causes prescribed by the contract, that the remedy within the association was exhausted, and that the proceedings were regular.

Judgment for the defendant, with costs.